UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DIANA ROSA,** ) | Case No. 1:11 CV 849 |
| ) | |
| Petitioner., ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **LASHANN EPPINGER,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Vecchiarelli ("R & R"). (**Doc #: 6**.) In 2009, Petitioner Diana Rosa was convicted by a state court jury of six counts of unlawful sexual conduct with a minor, and was sentenced to three years incarceration on two counts, to be served consecutively to each other but concurrently to four two-year sentences on the remaining charges. In the pending 28 U.S.C. § 2254 petition for writ of habeas corpus, Rosa challenges her convictions due to ineffective assistance of counsel and the judge's failure to dismiss one juror during voir dire. (**Doc #: 1**.) The Magistrate Judge recommends dismissal with prejudice of the § 2254 petition on the basis that (1) Rosa has procedurally defaulted both of her claims and has failed to demonstrate cause and prejudice for the default, and (2) Rosa has failed to establish that enforcing the procedural default will result in a manifest miscarriage of justice. (Id.)

Under the relevant statute:

> Within *fourteen* days after being served with a copy, any party
> may serve and file written objections to such proposed findings
> and recommendations as provided by rules of court. A judge of the

>court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (emphasis added). A review of the docket reveals that a copy of the R & R was mailed to Rosa on December 9, 2011. (See non-document entry of 12/09/2011.) It is now January 18, 2012, and Rosa has filed neither written objections nor a request for extension of time to file them.

The failure to timely file written objections to a Magistrate Judge's R&R constitutes a waiver of the right to obtain a *de novo* review of the R&R in the district court. *Id.*; *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). The failure to file written objections also results in a waiver of the right to appeal. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

The Court has reviewed the Magistrate Judge's thorough and well-written R & R, and agrees with the Magistrate Judge that Rosa's grounds for relief are procedurally defaulted. Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R (**Doc. # 6**) and **DENIES** the petition for writ of habeas corpus (**Doc. # 1**).

  **IT IS SO ORDERED.**

        */s/ Dan Aaron Polster January 18, 2012*
        **Dan Aaron Polster**
        **United States District Judge**